SEND
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09–4134 PA (Ex) | Date | August 19, 2009 |
|---|---|---|---|
| Title | Countrywide Securities Corp. v. Brian Varga | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS – COURT ORDER

Before the Court is a motion to confirm an arbitration award ("Motion to Confirm") (Docket No. 5) and a motion for sanctions ("Motion for Sanctions") (Docket No. 24) filed by respondent Brian Varga ("Varga"). Also before the Court is a motion to remand ("Motion to Remand") (Docket No. 19) and a motion to vacate the arbitration award in part ("Motion to Vacate") (Docket No. 25) filed by petitioner Countrywide Securities Corp. ("Countrywide"). Finally, the parties' scheduling conference is scheduled for August 10, 2009. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument. The matters scheduled for hearings on August 10, 2009 are vacated, and taken off calendar.

**I.   Factual Background**

Varga was employed by Countrywide as a "Treasury Trader" and co-head of Countrywide's U.S. Treasury desk from July 10, 2006 to February 8, 2008. He signed a written employment agreement on June 14, 2006, which required Countrywide to pay Varga $2,250,000 per year, some of which was payable through bonuses and cash deferrals. (Countrywide's Br., Rooney Decl. ¶ 2, Ex. 4.)[1/] It also contained the following provision:

> Employment at Countrywide is at the mutual consent of both Countrywide and the employee and may be terminated by either Countrywide or the employee at any time, with or without cause, and with or without notice.

(Rooney Decl. ¶ 2, Ex. 4.) The Employment Agreement also provided that if Varga was terminated without cause before June 30, 2008, he would receive the balance of his salary through June 30, 2008.

---

    [1/]   Countrywide and Varga provide many of the same exhibits. As the background facts provided here are not in dispute, the Court refers only to Countrywide's exhibits unless otherwise noted.

**SEND**
**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09–4134 PA (Ex) | Date | August 19, 2009 |
|---|---|---|---|
| Title | Countrywide Securities Corp. v. Brian Varga | | |

(Id.)  Varga's employment application stated that the employment was at-will (Rooney Decl. ¶ 5, Ex. 301), as did his signed employee handbook (Rooney Decl. ¶ 6, Ex. 302).

  The parties also entered into an arbitration agreement ("Arbitration Agreement") on June 4, 2006.  (Rooney Decl. ¶ 3, Ex. 6 ("Arbitration Agreement").)  This Arbitration Agreement required arbitration of "all claims or controversies arising out of, relating to or associated with the Employee's employment with the Company that the Employee may have against the Company or that the Company may have against the Employee[.]"  (Arbitration Agreement ¶ 1.)  It also provided that:  "The parties agree that the Company is engaged in transactions involving interstate commerce.  Except as provided in this Agreement, the Federal Arbitration Act shall govern the interpretation, enforcement and all proceedings pursuant to this Agreement[.]"  (Arbitration Agreement ¶ 2.)  Additionally, it stated that: "The arbitrator's decision shall be final and binding upon the parties except that both parties shall have the right to appeal to an appropriate court with jurisdiction errors of law in the decision rendered by the arbitrator."  (Arbitration Agreement ¶ 10.)  Finally, it stated that:  "This agreement is not, and shall not be construed to create, any contract of employment, express or implied, nor shall this Agreement be construed in any way to change the status of the Employee from at-will."  (Arbitration Agreement ¶ 12.) As parties working in a federally regulated industry, Varga and Countrywide executed and filed with the National Association of Securities Dealers, Inc. (now the Financial Industry Regulatory Authority) a "U-4" form, which also contained an arbitration provision.  (Rooney Decl. ¶ 4, Ex. 18 at § 15A(5).)

  On February 7, 2008, Varga submitted bids on thirty-year Treasury bonds.  After Varga submitted the bids, the market suddenly dropped, resulting in a large monetary loss.  (Rooney Decl. ¶ 3, Ex. A at ¶ 10.)  The next day, Countrywide contends that it terminated him for cause based on insubordination.  (Varga's Br., Cohen Decl. ¶ 2, Ex. A, Tr. 1050–51, 1264–65.)  Accordingly, Countrywide did not pay him his salary.  (Countrywide Br. 2.)

  On April 14, 2008, Varga filed a demand for arbitration pursuant to the parties' Arbitration Agreement and U-4 form.  (Rooney Decl. ¶ 3, Ex. 19.)  Varga alleged claims for breach of contract and wrongful discharge.  (Rooney Decl. ¶ 3, Ex. 19.)  The arbitrator conducted a five-day hearing and issued a final award ("Award") in Varga's favor.  He awarded Varga $2,149,750 on his breach of contract claim[2] (Rooney Decl. ¶ 7, Ex. A ("Award") at ¶ 13), and $2,430,600 on his wrongful discharge claim (Award ¶ 16).

  On May 27, 2009, Countrywide filed a petition ("Petition") in Los Angeles Superior Court to vacate the wrongful termination award.  (Notice of Removal, Ex. A at Attachment 10b(2)/10c(2).) Varga removed the action to this Court.  (Docket No. 1.)

---

  [2] Countrywide paid the breach of contract claim, and that claim is not before the Court.  (Countrywide's Br. 3.)

SEND
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09–4134 PA (Ex) | Date | August 19, 2009 |
|---|---|---|---|
| Title | Countrywide Securities Corp. v. Brian Varga | | |

**II.    Analysis**

   A.    Remand

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Varga removed this action on the basis of diversity of citizenship. (Notice of Removal ¶ 6–7); 28 U.S.C. §§ 1332, 1441(b). Countrywide does not challenge subject matter jurisdiction, but rather argues that the Court should remand this case because the Arbitration Agreement contains a forum selection clause requiring that the case be heard in state court:

> The arbitrator's decision shall be final and binding upon the parties except that both parties shall have the right to appeal to an appropriate court with jurisdiction errors of law in the decision rendered by the arbitrator.

(Arbitration Agreement ¶ 10.)

Countrywide argues that this clause is a forum selection clause that establishes the standard of review that the Court must apply when a party appeals the arbitrator's decisions — the court should review for errors of law (presumably de novo), and vacate or modify the Award to correct those errors of law. However, federal courts are bound to apply the standard of review provided in the Federal Arbitration Act, 9 U.S.C. §§ 1–16 ("FAA"). The FAA does not permit a court to vacate or modify an award to correct mere errors of law. California courts, however, can review for errors of law under state law. Thus, according to Countrywide, this clause has the effect of requiring that appeals be heard in California state court. Federal courts normally enforce valid forum selection clauses, M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10, 92 S. Ct. 1907, 1913, 32 L. Ed. 2d 513 (1972), and a forum selection clause in favor of state court constitutes a waiver of removal that justifies remand, see, e.g., Foster v. Chesapeake Ins. Co., 933 F.2d 1207, 1217 (3d Cir. 1991). Consequently, Countrywide asserts that the Court should remand this action to state court.

The court disagrees. First, the clause upon which Countrywide relies is not a forum selection clause. It does not limit the fora in which appeals of the Award may be brought, except that they must be brought in "an appropriate court with jurisdiction[.]" It does not state, for example, that appeals must be brought in California state court, or in any other particular court. Moreover, this clause does not

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09–4134 PA (Ex) | Date | August 19, 2009 |
|---|---|---|---|
| Title | Countrywide Securities Corp. v. Brian Varga | | |

specify the standard of review that a court must apply on appeal. It does not state that a court must review errors of law on the merits, de novo, for clear error, for abuse of discretion, or otherwise. It merely states what sorts of errors a party may appeal. While the FAA strictly limits the grounds upon which the Court may vacate or modify the award, 9 U.S.C. §§ 10, 11, it does not divest the Court of jurisdiction to review awards that contain legal errors, or are even error free. The Court shall confirm such awards. 9 U.S.C. § 9.

Even if the parties intended the clause to specify the standard of review, it runs afoul of United States Supreme Court precedent. In Hall Street Assocs., LLC v. Mattel, Inc., __ U.S. __, 128 S. Ct. 1396, 170 L. Ed. 2d 254 (2008), the Supreme Court held that parties to an arbitration agreement cannot expand the standard of review applicable under the FAA. Id. at __, 128 S. Ct. at 1400. Here, the Arbitration Agreement states that the FAA governs "[e]xcept as otherwise provided in the Agreement[.]" (Arbitration Agreement ¶ 2.) Yet the Agreement contains no clause explicitly identifying an exception to the application of the FAA. Thus, if the parties intended the forum selection clause to expand the grounds upon which a court can vacate or modify the Award, this appears to be an attempt to supplement the statutory grounds under the FAA. This is precisely what the Supreme Court in Hall ruled was impermissible. Hall, __ U.S. at __, 128 S. Ct. at 1400.

In Hall, the Supreme Court was careful to limit its ruling to arbitration agreements governed by the FAA. It noted that the parties are free to contract that their agreement be governed by law other than the FAA, and that in such a case the standard of review might be different. Id. at __, 128 S. Ct. at 1406. Here, however, the clause would have to have been drafted differently in order to successfully expand the standard of review beyond that provided in the FAA. In Cable Connection, Inc. v. DirecTV, Inc., 44 Cal. 4th 1334, 1340, 190 P.3d 586, 589, 82 Cal. Rptr. 3d 229, 233 (2008), the California Supreme Court ruled that parties to an arbitration agreement could, under state law, contract to expand the scope of review to include a review on the merits for legal errors, even when the FAA otherwise applies. However, the clause expanding judicial review in that case stated: "The arbitrators shall not have the power to commit errors of law or legal reasoning, and the award may be vacated or corrected on appeal to a court of competent jurisdiction for any such error." Id. at 1362 n.20, 190 P.3d at 604 n.20. In construing this clause, the court noted that:

> [T]o take themselves out of the general rule that the merits of the award are not subject to judicial review, the parties must clearly agree that legal errors are an excess of arbitral authority that is reviewable by the courts. Here, the parties expressly so agreed, depriving arbitrators of the power to commit legal error. They also specifically provided for judicial review of such error. We do not decide here whether one or the other of these clauses alone, or some different formulation, would be sufficient to confer an expanded scope of review. However, we emphasize that parties seeking to allow judicial review of the merits, and to avoid an additional

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09–4134 PA (Ex) | Date | August 19, 2009 |
|---|---|---|---|
| Title | Countrywide Securities Corp. v. Brian Varga | | |

> dispute over the scope of review, would be well advised to provide for that
> review explicitly and unambiguously.

Id. at 1361, 190 P.3d at 604; see also Christensen v. Smith, 171 Cal. App. 4th 931, 937, 90 Cal. Rptr. 3d 57, 62 (2009) (parties must expressly provide for expanded scope of review under California law if they wish to have awards vacated or modified for legal errors). The clause on which Countrywide relies does not resemble that in Cable Connection. Here, the clause neither states that legal errors are beyond the arbitrator's authority, nor that such errors can be vacated or corrected on appeal. It by no means provides for expanded review "explicitly and unambiguously[.]" Id. Accordingly, Countrywide's Motion to Remand is denied. The Court next turns to Countrywide's Motion to Vacate and Varga's Motion to Confirm.

   B.  The Arbitration Award

  Federal policy, evidenced by the FAA, favors arbitration and courts are required to "rigorously enforce agreements to arbitrate." Shearson/American Express, Inc. v. McMahon, 482 U.S. 220, 226, 107 S. Ct. 2332, 2337, 96 L. Ed. 2d 185 (1983). As a result, "federal court review of arbitration awards is extremely limited." A.G. Edwards & Sons, Inc. v. McCullough, 967 F.2d 1401, 1403 (9th Cir. 1992). Indeed, "[w]here the parties have agreed to arbitration, the court will not review the merits of the dispute." Thompson v. Tega-Rand Int'l, 740 F.2d 762, 763 (9th Cir. 1984). "It is generally held that an arbitration award will not be set aside unless it evidences a 'manifest disregard for law.'" Todd Shipyards Corp. v. Cunard Line, Ltd., 943 F.2d 1056, 1060 (9th Cir.1991) (citations omitted). The FAA provides that a federal court may vacate an arbitration award only where: (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption in the arbitrators; (3) the arbitrators were guilty of misbehavior by which the rights of any party have been prejudiced; or (4) the arbitrators exceeded their powers. 9 U.S.C. § 10. A federal court may only modify the award where: (1) there has been an evident material miscalculation of figures or mistake in the description of any person, thing or property; (2) the arbitrators' award exceeds the scope of the matter submitted to them; or (3) the award is imperfect in matter of form not affecting the merits of the controversy. 9 U.S.C. § 11. Absent one of the aforementioned conditions, a federal court should not reverse the finding of an arbitrator "even in the face of erroneous interpretations of the law." A.G. Edwards, 967 F.2d at 1403 (citing Todd Shipyards, 943 F.2d at 1060).

  In interpreting when arbitrators exceed their powers, the Ninth Circuit has held that an "arbitration award 'may be vacated only if it is completely irrational or constitutes manifest disregard of the law.'" Comedy Club, Inc. v. Improv West Assocs., 553 F.3d 1277, 1288 (9th Cir. 2009) (quoting Poweragent, Inc. v. Elec. Data Sys. Corp., 358 F.3d 1187, 1193 (9th Cir. 2004)). "[T]he 'completely irrational' standard is extremely narrow and is satisfied only where the arbitration decision fails to draw its essence from the agreement." Id. (internal quotations omitted). "[F]or an arbitrator's award to be in manifest disregard of the law, it must be clear from the record that the arbitrator recognized the

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09–4134 PA (Ex) | Date | August 19, 2009 |
|---|---|---|---|
| Title | Countrywide Securities Corp. v. Brian Varga | | |

applicable law and then ignored it." Id. at 1290 (internal quotations omitted). "As such, mere allegations of error are insufficient." Collins v. D.R. Horton, 505 F.3d 874, 879 (9th Cir. 2007) (internal quotation omitted).

      Countrywide asserts that the arbitrator's conclusion that Varga could state a cognizable claim for tortious wrongful discharge based on termination without just cause was in manifest disregard of the law. After Varga alleged his wrongful discharge claim, Countrywide filed a motion to dismiss. (Rooney Decl. ¶ 8, Ex. B.) In its briefing, Countrywide argued that California does not recognize a tort for wrongful discharge based on termination without just cause, because employment relationships are presumed to be at-will. (Rooney Decl. ¶ 8, Ex. B at 9–10; Ex. D at 5–6 (citing Foley v. Interactive Data Corp., 47 Cal. 3d 654, 655, 254 Cal. Rptr. 211 (1988); Harden v. Maybelline Sales Corp., 230 Cal. App. 3d 1550, 1554, 282 Cal. Rptr. 96 (1991); Guz v. Bechtel Nat'l, Inc., 24 Cal. 4th 317, 335–36 (2000)).) Varga argued in his opposition that the parties' arbitration agreements altered the at-will nature of the employment relationship, and created a cause of action for wrongful discharge based on termination without just cause. (Rooney Decl. ¶ 8, Ex. C at 14–15 (citing, among other cases, PaineWebber v. Argon, 49 F.3d 347, 352 (8th Cir. 1995); Shearson Hayden Stone, Inc. v. Liang, 653 F.2d 310, 312–313 (7th Cir. 1981).) In his order on the motion to dismiss, and then in the Award, the arbitrator held:

> Claimant's claim for wrongful discharge states a claim for which relief may be granted under California law. If a California state or federal court is called upon to make that determination, it most likely would so decide and would adopt the better and prevailing view nationally (via federal Circuit Court opinions) that — even assuming a strong state public policy favoring "at will" employment — a claim for wrongful discharge, based upon a claim of termination without "just cause" exists under applicable state law, if there is a valid and enforceable contractual provision to arbitrate the circumstances of employment and termination. PaineWebber v. Argon, 49 F.3d 347, 352 (8th Cir. 1995) ("PaineWebber"); Shearson Hayden Stone, Inc. v. Liang, 653 F.2d 310, 312–313 (7th Cir. 1981), cited with approval in Paine Webber. A principal basis for that determination is a maxim of contractual construction, reflected in the following statement in PaineWebber: "If Argon's employment was purely at-will, the arbitration procedure designed to interpret that employment relationship would serve no identifiable purpose." 49 F.3d at p. 352. "This [arbitration] process necessarily alters the employment relationship from at-will to something else — some standard of discernable cause is inherently required in this context where an arbitration panel is called on to interpret the employment relationship." Id.

SEND
JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09–4134 PA (Ex) | Date | August 19, 2009 |
|---|---|---|---|
| Title | Countrywide Securities Corp. v. Brian Varga | | |

(Rooney Decl. ¶ 9, Ex. E (Aug. 12, 2008 Order on motion to dismiss); Award ¶ 14.) In its post hearing brief (Rooney Decl. ¶ 14, Ex. J at 23–26), and in its post-hearing reply memorandum (Rooney Decl. ¶ 14, Ex. K at 15–17), Countrywide reiterated its argument that California does not recognize a wrongful termination tort based on termination without just cause, and that California has not adopted the PaineWebber exception. The arbitrator did not change his ruling.

By its plain language, the Award indicates that the arbitrator thought that California had not yet addressed the issue of whether a wrongful discharge tort claim can be based on termination without just cause when the employment relationship includes an arbitration agreement. Countrywide asserts that clear California authority provides that there is no such claim. (Countrywide Br. 8–12; Countrywide Opp. 12–13.) The cases that Countrywide provided to the arbitrator held that, as a general matter, employment relationships in California are at-will, and a tortious claim for wrongful discharge is available only when the discharge is in violation of public policy. Foley, 47 Cal. 3d at 665–700; Harden, 230 Cal. App. 3d at 1554 (stating that employment is presumed at-will, but not discussing tort of wrongful discharge); Guz, 24 Cal. 4th at 352 (stating that "[a]llegations that the breach [of the employment agreement] was wrongful, in bad faith, arbitrary, and unfair are unavailing; there is no tort of 'bad faith breach' of an employment contract.") However, none of these cases involved an employment relationship that included an arbitration agreement. Indeed, Countrywide concedes that "[b]oth the Arbitrator and Varga make much of the fact that there is no California case that is specifically on all fours with this case" (Countrywide Br. 10), and that the arbitrator held that Varga could recover in tort for wrongful termination "despite the absence of any California case on point" (Rooney Decl. ¶ 9).

Finding no California authority directly on point, the arbitrator examined the cases that Varga cited. In PaineWebber, the Eighth Circuit considered the district court's denial of PaineWebber's motion to vacate an arbitration award that awarded the employee damages for wrongful termination without just cause. PaineWebber, 49 F.3d at 349–50. There, as here, the employee worked in the financial services industry. Id. PaineWebber argued that the arbitration award should be vacated because it disregarded Kansas' employment-at-will doctrine, which precluded damages for discharge without just cause. Id. at 352. However, the court concluded that the use of an arbitration agreement to address disputes about the employment relationship "necessarily alters the employment relationship from at-will to something else — some standard of discernable cause is inherently required in this context where an arbitration panel is called on to interpret the employment relationship." Id. (citations omitted). It further stated that "[i]f [the employee's] employment was purely at-will, the arbitration procedure designed to interpret that employment relationship would serve no identifiable purpose. Accordingly, the arbitration panel had power to determine whether the firing was justified." Id. Likewise, in Shearson, 653 F.2d at 311, the Seventh Circuit considered the district court's refusal to set aside an arbitration award in favor of a registered securities broker employee. There, the court rejected the employer's argument that the employee was not entitled to damages because his employment was at-will. Id. at 312–313. The court noted that "[i]t has been held repeatedly that an agreement to arbitrate

SEND
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09–4134 PA (Ex) | Date | August 19, 2009 |
|---|---|---|---|
| Title | Countrywide Securities Corp. v. Brian Varga | | |

disputes about employee discharges implies a requirement that discharges be only for 'just cause.'" Id. (citations omitted).

Countrywide argued to the arbitrator that neither PaineWebber nor Shearson involved employee contracts that expressly provided that the employment relationship was at-will, as is the case here. (Rooney Decl. ¶ 13, Ex J at 24–25.) However, Countrywide provided no authority to demonstrate that this distinction is significant (id.), and the arbitrator apparently concluded that it was not. Here, Countrywide failed to provide California authority directly on point. On the other hand, Varga provided authority outside California that suggests that damages are available for wrongful discharge without just cause, even when the employment relationship would otherwise be at-will, when the parties have an arbitration agreement. In light of the authority and arguments presented to the arbitrator, the Court concludes that the Award demonstrates neither that the arbitrator acted with "manifest disregard of the law," nor that he was "completely irrational." Accordingly, Varga's Motion to Confirm is granted. Countrywide's Motion to Vacate is denied.

  C.  Sanctions

Varga asserts that he is entitled to sanctions under Federal Rule of Civil Procedure 11. Pursuant to Rule 11(c)(1), the Court may impose sanctions if Countrywide's motions are presented for an improper purpose, "such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation[,]" Fed. R. Civ. P. 11(b)(1), or if they are not warranted "by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[,]" Fed. R. Civ. P. 11(b)(2). The decision to award sanctions is discretionary. Fed. R. Civ. P. 11(c)(1) (stating that "the court may impose an appropriate sanction" (emphasis added)). Sanctions are reserved "for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without foundation, or brought for an improper purpose." Operating Eng'rs Pension Trust v. A-C Co., 859 F.2d 1336, 1344 (9th Cir. 1988).

Varga also asserts that he is entitled to sanctions on equitable grounds because Countrywide, as a member of an industry that pushed for arbitration to resolve disputes, should not then appeal arbitration awards against it without a sound basis for doing so. See, e.g., Rostad and Rostad Corp. v. Inv. Mgmt. & Research, Inc., 923 F.2d 694, 697 (9th Cir. 1991); B.L. Harbert Int'l v. Hercules Steel Co., 441 F.3d 905, 913–14 (11th Cir. 2006). The Court does not find that Countrywide's claims rise to a level that warrants the imposition of sanctions. Accordingly, Varga's Motion for Sanctions is denied.

**SEND**
**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09–4134 PA (Ex) | Date | August 19, 2009 |
|---|---|---|---|
| Title | Countrywide Securities Corp. v. Brian Varga | | |

**Conclusion**

    For the foregoing reasons, Countrywide's Motion to Remand and Motion to Vacate are denied. Varga's Motion to Confirm is granted, however his Motion for Sanctions is denied. The Court will issue a Judgment consistent with this Order.

    IT IS SO ORDERED.